UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:10-CR-113 |
| | ) | |
| JAMES H. CODY, JR. | ) | |

## **SUPPLEMENTAL REPORT AND RECOMMENDATION**

After the filing of the report and recommendation, defendant's counsel filed "Notice Of Additional Authority," (Doc. 18).

In that brief, counsel cited authority from the Tennessee Court of Criminal Appeals that holds that when a defendant successfully completes the probationary period as part of judicial diversion, he is *never* considered to have been "convicted."

Respectfully, that is not the issue. The issue, as discussed in the report and recommendation, is one of *probable cause*. Whether that probable cause ultimately was correct or not (within the extremely technical context of diversion) is beside the point. The officers executing the search warrant had *probable cause* to believe that defendant was a convicted felon.

Further, and more importantly, the officers' belief that defendant was a convicted felon precipitated, at most, only a conversation with defendant in which he indicated that he was selling firearms. The guns were not seized until after that interview, and they were lawfully seized as evidence of a violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D).

For either of the foregoing reasons, the firearms were lawfully seized, and defendant's

additional authority is inapplicable.

Accordingly, the magistrate judge persists in his recommendation that defendant's motion to suppress be denied.[1]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).