UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )  No. 2:10-CR-113 |
| | ) |
| JAMES H. CODY, JR. | ) |

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

In the original report and recommendation, (Doc. 17), the court noted that the Tennessee Justice Portal, a database created and maintained by the Tennessee Bureau of Investigation, indicated that defendant was a convicted felon and on probation at the time of the officers' search of defendant's house. Defendant explicitly argues that he was not a convicted felon; he implicitly argues that the information in the database was incorrect and therefore could not constitute probable cause for the officers' subsequent actions.

The original report and recommendation and the first supplement thereto discuss how probable cause in reality is an irrelevant issue under the circumstances of this case. But, to the extent that others might disagree with that assessment, the magistrate judge has stumbled across additional authority that has a direct bearing on the question of the sufficiency of the information in the Tennessee Justice Portal, *even if that information was incorrect*, to establish probable cause to believe defendant was a convicted felon.

In *Herring v. United States*, 555 U.S. 135 (2009), 129 S.Ct. 695 (2009), police officers

arrested the defendant on the basis of information from an adjoining county that an arrest warrant on a felony charge was then outstanding for defendant. The officers arrested defendant and a search incident to that arrest revealed methamphetamine and a firearm. The information from the adjoining county regarding the arrest warrant, however, was erroneous; the warrant had been recalled five months earlier. 129 S.Ct. at 698. The Supreme Court held that the record-keeping error did not require application of the exclusionary rule. *Id*., 702. The court noted that if the police are shown to be reckless in maintaining a record-keeping system, or knowingly making false entries to justify future false arrests, then exclusion might be required. *Id*., 703. But absent evidence that errors in the database are "systemic" or "routine or widespread," the application of the exclusionary rule is unwarranted. *Id*., 704.

As noted in the original report and recommendation, defendant offered no proof or even argued that the Tennessee Justice Portal was untrustworthy. Accordingly, the officers' reliance on the information in that database to establish probable cause was "objectively reasonable." *Id*. , 703.[1]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).